[No. B005061. Second Dist., Div. Six. Nov. 5, 1984.]

In re LOUIS ANTHONY REYES on Habeas Corpus.

**656**

COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and Ralph H. Goldsen, Deputy State Public Defender, for Petitioner.

John K. Van de Kamp, Attorney General, Stephen M. Kaufman and Joan Comparet, Deputy Attorneys General, for Respondent.

OPINION

**ABBE, J.**—Petitioner seeks a writ of habeas corpus to review orders of the superior court denying him restoration of sanity hearings pursuant to Penal Code section 1026.2. For reasons set forth below we shall order that the relief sought by petitioner be granted.

### Factual Background

On March 9, 1973, an information was filed in the Ventura County Superior Court charging petitioner, Louis Anthony Reyes (hereafter Reyes) with murder. It was subsequently determined that the murder was of the second degree. On March 12, 1973, Reyes was found to be not guilty by reason of insanity of the offense of murder. Reyes was ordered committed to Atascadero State Mental Hospital.

A sanity restoration hearing, pursuant to Penal Code section 1026.2, was held on June 5, 1981. The court found that Reyes had not been restored to sanity.

On September 1, 1983, Reyes filed a petition for a writ of habeas corpus; a request for a restoration of sanity hearing; and a request for an evaluation pursuant to Penal Code section 1600 and Welfare and Institutions Code section 7228. The court conducted an ex parte review of a June 9, 1983,

report filed by the Department of Mental Health and concluded that there was "no merit in [Reyes'] contention that he had been restored to sanity and is not likely to be a danger to himself or others. [Reyes'] request that the court schedule a hearing on the issues of his present sanity and danger to the community is denied."

Reyes filed a second petition for habeas corpus; request for hearing under Penal Code section 1026.2; and request for evaluation under Penal Code section 1600, on April 6, 1984. The court once again conducted an ex parte proceeding in which it reviewed a report filed by the Department of Mental Health filed on January 9, 1984, and ruled that there was "no merit in [Reyes'] contention that he has been restored to sanity and is not likely to be a danger to himself or others. [Reyes'] request that the court schedule a hearing on the issues of his present sanity and danger to the community is denied."

1. Right to a Hearing:

■   Penal Code section 1026.2 governs the procedure whereby an individual who has been committed to a state hospital by reason of a plea of insanity may seek release upon the ground that sanity has been restored. An inmate is entitled to a sanity restoration hearing 90 days after the date of the order committing him to the state mental hospital. (*In re Franklin* (1972) 7 Cal.3d 126, 143 [101 Cal.Rptr. 553, 496 P.2d 465].) Thereafter, a restoration of sanity hearing must be held upon application of the inmate. (*In re Jones* (1968) 260 Cal.App.2d 906 [68 Cal.Rptr. 32].) The only restriction is that, "no application shall be filed by the person until one year has elapsed from the date of hearing upon the last preceding application." Pen. Code, § 1026.2.)

The Attorney General points to the fact that the petition for a restoration of sanity hearing submitted on April 6, 1984, was filed less than a year after the September 1, 1983, denial of Reyes' previous petition. The Attorney General thus asserts that Penal Code section 1026.2 bars Reyes from petitioning the court for a restoration of sanity hearing until one year has elapsed since his previous request for a hearing. This assertion ignores the language in the statute requiring a one-year period between an actual hearing and a subsequent application.

2. Was Petitioner Afforded a Hearing?

The state may not commit an individual to a mental hospital without complying with the minimum requirements of due process. (*Vitek* v. *Jones* (1980) 445 U.S. 480, 491-492 [63 L.Ed.2d 552, 564, 100 S.Ct. 1254].)

The United States Supreme Court in *Vitek* summarized the law as follows: "We have recognized that for the ordinary citizen, commitment to a mental hospital produces 'a massive curtailment of liberty' [citation], and in consequence 'requires due process protection.' [Citations.]"

If the right to an annual restoration of sanity hearing under Penal Code section 1026.2 is to represent something more than a hollow promise, it is imperative that the inmate be granted "an opportunity to confront and cross-examine adverse witnesses." (*Goldberg* v. *Kelly* (1970) 397 U.S. 254, 269 [25 L.Ed.2d 287, 300, 90 S.Ct. 1011].) In granting this right, we ensure that the court is forced to make a critical inquiry into the evidence presented by the state. The continuation of the commitment, however, does not pass constitutional muster if it merely consists of the ex parte consideration of prosiac reports by hospital staff. (*Specht* v. *Patterson* (1967) 386 U.S. 605, 609, fn. 2 [18 L.Ed.2d 326, 330, 87 S.Ct. 1209]; *In re Jones, supra,* 260 Cal.App.2d at p. 910.)

California's criminal commitment procedures would be found to be invalid were an inmate to be denied a "full hearing" on the question of restoration of sanity. (*In re Franklin, supra,* 7 Cal.3d at p. 135.) The inmate is afforded the right to appointed counsel (*In re Jones, supra,* 260 Cal.App.2d at p. 911, fn. 3) as well as the right to a jury (*In re Franklin, supra,* 7 Cal.3d at p. 148). These rights would be meaningless if a court had within its power the right to deny an inmate's request for a restoration of sanity hearing.

An individual facing the bleak prospect of incarceration in a maximum security mental hospital is clearly entitled to something more than a committing court's ex parte consideration of reports written by doctors under the employ of the state. Suffice to say, "[t]he greatest dangers to liberty lurk in insidious encroachment by men of zeal, well-meaning, but without understanding." (*Olmstead* v. *United States* (1928) 277 U.S. 438, 479 [72 L.Ed. 944, 957, 48 S.Ct. 564, 66 A.L.R. 376] (Brandeis, J. dis.).)

The California Supreme Court pointed out in *People* v. *Ramirez* (1979) 25 Cal.3d 260, 267-268 [158 Cal.Rptr. 316, 599 P.2d 622]: " 'For government to dispose of a person's significant interests without offering him a chance to be heard is to risk treating him as a nonperson, an object, rather than a respected, participating citizen.' [Citation.] Thus, even in cases in which the decision-making procedure will not alter the outcome of governmental action, due process may nevertheless require that certain procedural protections be granted the individual in order to protect important dignitary values, or, in other words, 'to ensure that the method of interaction itself is fair in terms of what are perceived as minimum standards of political

accountability—of modes of interaction which express a collective judgment that human beings are important in their own right, and that they must be treated with understanding, respect, and even compassion.' [Citation.]"

A review of the record reveals that the trial court's ruling of September 1, 1983, was made without ever affording Reyes a full hearing. In short, it is painfully clear that the ex parte proceeding held on September 1, 1983, cannot, by any stretch of the imagination, be construed to be a restoration of sanity hearing. (Cf. *People* v. *Pennington* (1967) 66 Cal.2d 508, 521 [58 Cal.Rptr. 374, 426 P.2d 942].)

For over a year the petitioner has sought, without success, to exercise his right to be afforded a duly constituted restoration of sanity hearing. Viewed from the perspective of petitioner, his right to a restoration of sanity proceeding, like the sun at the battle of Jericho, appears to be standing still. Due process demands that petitioner not languish in confinement awaiting the date, if ever, that the trial court deems it appropriate to hold a restoration of sanity hearing.

The petition for writ of habeas corpus is granted. The writ is made returnable before the Superior Court for the County of Ventura, at such time and place as that court may direct, for due inquiry into the question of whether petitioner has regained his sanity. (*In re Jones, supra,* 260 Cal.App.2d at p. 914.)

Stone, P. J., and Gilbert, J., concurred.